

# THE ATTORNEY GENERAL
## OF TEXAS

**JIM MATTOX**
**ATTORNEY GENERAL**

November 10, 1989

Hans Mark, Ph.D.
Chancellor
University of Texas System
201 West 7th Street
Austin, Texas 78701

Opinion No. JM-1114

Re: Authority of a state agency to remove asbestos from a public building (RQ-1788)

Dear Dr. Mark:

Article 4477-3a, V.T.C.S., provides for regulation, registration and licensing by the Department of Health (the department) in connection with the removal or encapsulation of asbestos from a public building. Section 2(a) of the article provides:

> A person may not <u>engage in the business of</u> removing asbestos from a public building or encapsulating asbestos from a public building unless the person is licensed by the department in accordance with this Act. (Emphasis added.)

You ask, in connection with the above-quoted provision,

> [i]f a state agency removes or encapsulates asbestos from a public building, is it engaged in the business of removing asbestos?

"Department" as used in the article refers to the Texas Department of Health. V.T.C.S. art. 4477-3a, § 1(3). Section 1(4) defines public building as "a building that is open to the public or that has public access, including but not limited to government buildings and public schools." "Person" is defined in section 1(1) as follows:

> 'Person' includes corporation, organization, <u>government or governmental subdivision or agency</u>, business trust, estate, trust, partnership, association, and any other legal entity. (Emphasis added.)

Also, section 2(c) of the article provides:

> An individual licensed under this Act shall supervise each project to remove asbestos from a public building or encapsulate that absestos.

Section 9(a) of the article provides in part:

> Each employee of a person required to be licensed under this Act must register with the department before the employee may remove asbestos from a public building or encapsulate that asbestos.

You contend in your request letter that the University of Texas (the university), as an institution of higher education,

> is not engaged 'in the business' of removing asbestos, although from time to time certain activities requiring the encapsulation or removal of asbestos from buildings do occur on the campus. These activities are incidental to the University's educational and research functions, and carried out by University employees.

You add:

> It should be noted that a negative answer would not thwart the statutory scheme concerning asbestos removal. For example, the Act requires that an individual licensed under the Act must supervise each project to remove asbestos from a public building or encapsulate that asbestos. In such instances, independent contractors can be hired to achieve the desired statutory regulatory goals. The question here surrounds whether employees of the University and supervisors of the University must be licensed and registered within the Act if they engage in the removal or encapsulation of asbestos.

We understand that your request was prompted by the university's notification from the department that the

latter considers the university to be "a person" "engaged in the business" of asbestos removal or encapsulation and thus subject to licensure by the department under article 4477-3a when the university removes or encapsulates asbestos from campus buildings.

Article 4477-3a does not define the terms "business" and "engage in the business of" as used therein. The Webster's entry for the word "business" includes definitions ranging from "purposeful activity" to "commercial or mercantile activity engaged in as a means of livelihood." Webster's Ninth New Collegiate Dictionary 190 (1983). Since the word "person" as used in the provision in question -- "a person may not engage in the business of removing asbestos or encapsulating asbestos from a public building unless the person is licensed" -- is specifically defined in the article to include "government or governmental subdivision or agency," we think that the accompanying language, "engage in the business of," must have been intended by the legislature to mean "engage in the activity of." Few if any governmental entities could be said to "engage in the business" of asbestos removal in the sense of engaging in a commercial or mercantile activity. If the legislature had intended the words "engage in the business of" to carry the latter, more restrictive meaning, we do not think it would have defined "person," as used in the phrase "a person may not engage in the business of," to include governmental entities.

In support of this reading of the provisions in question, we note that the bill analysis for the bill which enacted article 4477-3a simply states, as the purpose of the bill, that it "requires persons (corporations, organizations, agencies, et al.) who remove or encapsulate asbestos from public buildings to obtain a license from the Texas Department of Health." Bill Analysis, H.B. 36, 70th Leg. (1987). The analysis further states that section 2 of the bill, the provision of which is at issue here, "requires license for persons who remove or encapsulate asbestos." Id. We find nothing in the bill analysis or elsewhere in the legislative history of the provision that reflects a legislative intent that the language "engage in the business of" should refer only to commercial activity such as would be carried out by a private contractor or firm. See id.

The purpose of House Bill 36 in enacting the provisions of article 4477-3a was evidently to provide for safeguards in connection with the hazards to workers and the general

public attendant on asbestos removal or encapsulation. You point out in your request letter that an individual supervising an asbestos removal or encapsulation project in a public building must, in any case, be licensed pursuant to section 2(c). However, if a state agency for which that individual acted as supervisor on the project were not itself subject to licensure under the article, the agency's employees working on the project would not be required to register with the department under section 9 of the article unless they were also "employees" of the supervisor. Such employees therefore would not have been required, under section 9, to have completed a course in asbestos removal and encapsulation approved by the United States Environmental Protection Agency as a prerequisite to registration. We think that article 4477-3a was intended to provide safeguards not only from improper supervision, but also from hazards that might result from untrained employees performing asbestos removal and encapsulation -- hence the article's registration requirement for "employees" of persons required to be licensed under the article. If a state agency could engage a private contractor to supervise an asbestos removal or encapsulation project but use its own unregistered and untrained employees to perform the work, we think the purpose of the article would be to that extent defeated.

Therefore, in response to your question, we conclude that if a state agency removes or encapsulates asbestos from a public building, it is "engaged in the business of removing . . . or encapsulating asbestos" within the meaning of article 4477-3a and must be licensed under that article by the Department of Health.[1]

### S U M M A R Y

> If a state agency removes or encapsulates asbestos from a public building, it is "engaged in the business of removing . . . or encapsulating asbestos" within the meaning of

---

1.   Please note that we do not here address, as you do not raise, any issues with respect to the interaction of article 4477-3a, V.T.C.S., with, or preemption by, applicable federal law.

article 4477-3a  and must  be licensed  under
that article by the Department of Health.

Very truly yours

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General